Halsey *vs.* Comeau.

## No. 1004.

### W. F. HALSEY vs. J. B. COMEAU, SHERIFF, ET ALS.

An answer filed after motion to confirm the judgment by default had been made, evidence received, and the case taken under advisement, comes too late, and the confirmation of the default without noticing the answer will be approved, the evidence justifying it.

This court must be governed by the minutes of the lower court, and cannot listen to a different state of facts set up by counsel. If it should be guided by the recollection of counsel instead of the official record, the whole system of practice would be revolutionized.

APPEAL from the District Court for St. Martin. FONTELIEU, J.

*J. E. Mouton* for Berard Appellant. *Merchant* for Defendants.

SPENCER, J. The State Auditor took executory process on a mortgage note against Felix Berard. Halsey on grounds not necessary to mention took out an injunction. The auditor filed an answer, praying its dissolution with damages, and also prayed for a judgment *in personam* against Felix Berard the debtor, for amount of the note. This answer was served on Berard, and amounted legally to a conversion of the proceeding *via executiva* into that *via ordinaria* —

Halsey *vs.* Comeau.

a judgment by default was entered against Berard on the 7th of November, 1877; on the 11th of April, 1878, the State's attorney moved to confirm the default against Berard; the evidence was introduced and noted and the "case taken under advisement" by the court. On the 27th of April, 1878, Berard filed answer setting up various defences against the State's demand. On May 4, 1878, the court awarded final judgment confirming the default — and not noticing the answer of Berard — who appeals.

The sole question is as to Berard's right to file this answer on the 27th of April.

The court had taken up the case, on motion to confirm default, received the evidence and taken it under advisement sixteen days before the answer was filed. We think the court did not err in disregarding the answer filed after the trial of the case had closed, and after it was under advisement.

The court, in 6 A. 119, went to the very verge of the law, when it permitted an answer to be filed, after plaintiff had offered a portion of his evidence; the court stating as a reason that no delay was asked or would have resulted.

*Judgment affirmed.*

On application for rehearing,

MANNING, C. J. The application is based on the allegation that the judge below took under advisement, not the evidence adduced to confirm the default, but the objections, and laws quoted thereunder in opposing that confirmation, and that at the time the objections were overruled, and a new motion made to confirm, the answer had already been filed.

We give implicit credence to the statement by the attorney, but unfortunately the minutes of the lower court shew the precise proceedings mentioned in our original opinion, and if we should introduce the practice of being guided by the recollection of counsel touching judicial proceedings instead of the official record, we should soon revolutionize the whole system of practice.

*Rehearing refused.*